An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| AKAPHONG SOMEE A/K/A SOMEE AKAPHONG,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 61912<br><br>**FILED**<br><br>MAY 1 4 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY <br>DEPUTY CLERK |

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying appellant Akaphong Somee's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Sally Loehrer, Senior Judge.

Somee contends that the district court erred by finding that trial/appellate counsel was not ineffective because counsel failed to present accurate information and object to errors in the presentence investigation report during sentencing and did not challenge the sentencing court's reliance on incorrect information and denial of his motion for reconsideration on direct appeal. When reviewing the district court's resolution of ineffective-assistance claims, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Here, the district court conducted a hearing on Somee's habeas petition and found that (1) the sentencing court did not have correct information during sentencing but did have the correct information on reconsideration; (2) due to the seriousness of Somee's offenses, his parole

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14269

eligibility date for the Arkansas conviction did not factor into the sentencing court's decision; (3) counsel was not ineffective; and (4) Somee failed to demonstrate prejudice. Our review of the record reveals that the district court's factual findings are supported by substantial evidence and are not clearly wrong, and Somee has not demonstrated that the district court erred as a matter of law. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (establishing a two-part test for ineffective assistance of counsel); *Kirksey v. State*, 112 Nev. 980, 987, 923 P.2d 1102, 1107 (1996) (adopting test in *Strickland*); *see also Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004) (petitioner must prove the facts underlying his claims of ineffective assistance of counsel by a preponderance of the evidence). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:     Chief Judge, Eighth Judicial District Court
        Hon. Sally Loehrer, Senior Judge
        Dayvid J. Figler
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

2